———————o———————

5150.

(Court of Appeal, Parish of Orleans.)

## MENTE & COMPANY vs. MARTIN ROURKE & COM-PANY, ET AL.

### In re Mente & Company Praying for a Writ of Mandamus.

The dismissal of an appeal because of informality does not operate to deprive the appellant of his right to appeal, which can only be lost by lapse of time or by forfeiture through acquiescence in the judgment, or abandonment. A new appeal will be allowed and maintained if taken in time.

Appeal from the Civil District Court, Division "D."

Dart, Kernan & Dart, for plaintiff.

ST. PAUL, J.—Mente & Co., relators herein, attacked certain funds as the property of defendants. Martin Rourke & Co., in which funds one Frank Davies, a bankrupt, appeared to have some interest.

The trustee of the bankrupt's estate moved to transfer the funds so attached to the bankruptcy court, and in due course his rule was made absolute.

Relators moved for an appeal, suspensive and devolutive, which the judge allowed and conditional upon relators "furnishing bond with good and solvent surety conditioned as the law directs."

The judge was not asked to fix the amount of the bond

— 18 —

and did not do so, and the bond furnished by relators was for an amount fixed by themselves, as sufficient to cover costs.

Relator's appeal was afterwards dismissed by the District judge, and properly so. It is clear from the nature of the judgment that the amount of the bond should have been fixed by the judge, whether the appeal were suspensive or devolutive.

Meanwhile both the term of court and the delays within which a suspensive appeal might be taken had expired, and the district judge properly refused an application to allow the motion of appeal to be amended "nunc pro tunc" so as to fix the amount of the bond.

Thereafter, but still within the delays within which a devolutive appeal might be taken, relators applied by petition and order for a new devolutive appeal, and asked the judge to fix the bond and the return day thereof. But the application was "refused as coming too late, one devolutive appeal having been granted and dismissed."

We think the appeal should have been allowed. Whilst it is true that but one appeal can be allowed in a case, nevertheless so long as the appellant has not had an opportunity to present the merits of his appeal he has in fact had no appeal at all.

If an appeal he dismissed for some informality or irregularity in the granting or perfecting of the same, such decree of dismissal does not pass upon the issues involved in the judgment appealed from nor yet upon appellant's right to appeal, but merely decides that under the conditions then existing the appeal cannot be heard.

The dismissal of an appeal on such grounds is not res judicata either as to the merits of the cause, or as to appellanas right to an appeal. The right to have his appeal heard still exists unless it has been lost by the lapse of time or by forfeiture through acquiescence in the judgment or abandonment.

Hence the Supreme Court has repeatedly allowed a second appeal to stand, notwithstanding, that a first appeal had previously been dismissed because of some informality, and even where the appellant had himself abandoned his first appeal upon perceiving defects therein and taken his new appeal to remedy such defects.

> See, Dugas vs. Truxello, 15 An. 166; Hoover vs. York, 35 An. 574; Succession of Weber, 110 La. 675; McGaw vs. O'Beirne, No. 18081 of Supreme Court, Feby. 28, 1910.
>
> See, also Ceasar Salkind vs. Congregation Beth Israel, No. 5001 of our own docket, decided last term.

It is, therefore, decreed that the mandamus herein issued be made peremptory, directing the respondent judge to allow the relators a devolutive appeal as prayed for from his judgment of June 27, 1910, and to fix the amount of the bond and the return day thereof.

November 7, 1910.

———o———

## 5076.

(Court of Appeal, Parish of Orleans.)